[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13286
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03384-MHS

SHERRANCE HENDERSON,

Plaintiff - Appellant,

versus

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 4, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Sherrance Henderson, proceeding pro se, appeals the dismissal of her

complaint, with prejudice, for failure to state a claim, Fed.R.Civ.P. 12(b)(6). She

also appeals the denial of her motion for "stay of leave to amend," construed by the district court as a motion for leave to amend the complaint if the court dismissed Henderson's action. No reversible error has been shown; we affirm.

Henderson filed a complaint against Defendant JP Morgan Chase Bank ("Chase"), alleging that Chase discriminated against her based on race in connection with a home loan. Henderson alleged that she applied for, and was pre-qualified for, a home loan. After she located a home, Chase began presenting varying loan options which did not reflect the loan terms that formed the basis of the pre-qualification, including higher interest rates and additional loan terms. After Henderson provided Chase with certain requested financial information, Chase told Henderson that she needed to buy an annuity to generate income because Chase did not consider the interest generated by one of her existing investments to be income. Henderson purchased the annuity. At closing, Henderson's lawyer told her that Chase's loan terms and conduct were improper. So, Henderson rejected the loan terms; and Chase later denied the loan application. Henderson paid cash for the home. In 13 separate counts, Henderson raised claims under (1) the Fair Housing Act, 42 U.S.C. § 3605; (2) civil rights provisions, 42 U.S.C. §§ 1981, 1982, 1985; (3) the Equal Credit Opportunity Act, 15 U.S.C. § 1691; and (4) provisions of Georgia law.

The district court adopted the magistrate judge's recommendation that the complaint be dismissed, on all counts, for failure to state a claim.[1] We review <u>de novo</u> a Rule 12(b)(6) dismissal, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. <u>Redland Co., Inc. v. Bank of Am. Corp.</u>, 568 F.3d 1232, 1234 (11th Cir. 2009).

On appeal, Henderson argues that the district court imposed a heightened pleading standard on her complaint that was inconsistent with Supreme Court precedent in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). In <u>Twombly</u>, the Supreme Court addressed the previously accepted standard governing "a complaint's survival," and rejected that standard in favor of a plausibility standard. 127 S.Ct. at 1969; <u>see also</u> <u>Iqbal</u>, 129 S.Ct. at 1953 (using the <u>Twombly</u> standard to analyze the complaint at issue and validating that standard as "the pleading standard for 'all civil actions'"). This standard says that to survive a motion to dismiss, a plaintiff must file a complaint containing fact allegations that are plausible on their face: a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that defendant is liable for the misconduct alleged.

---

[1]Henderson concedes that the district court dismissed correctly the counts for loss of income and negligent infliction of emotional distress.

Iqbal, 129 S.Ct. at 1949.

A complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations, quotations, and alteration omitted). We recognize the Twombly standard as controlling. See James River Ins. Co. v. Ground Down Eng'g Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (stating that a complaint should be dismissed if the allegations do not plausibly suggest a right to relief). Here, the court imposed no "heightened" pleading standard in evaluating Henderson's complaint; instead, the court articulated and applied properly the standard from Twombly and Iqbal to all of Henderson's claims.

Henderson argues that the court erred in dismissing her fair housing, civil rights, and credit claims for failure to make a prima facie case: she maintains that the elements of a prima facie discrimination case are not rigid and that the court applied too strict of a standard. The burden-shifting analysis used for employment discrimination cases relying on circumstantial evidence under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) -- which is predicated on the establishment of a prima facie case -- is applicable to Henderson's discrimination

claims brought pursuant to the federal statutes. See, e.g., Wright v. Southland Corp., 187 F.3d 1287, 1298 n.12 (11th Cir. 1999) (applying Title VII framework to section 1981 claims); Sec'y, United States Dep't of Hous. and Urban Dev. v. Blackwell, 908 F.2d 864, 870 (11th Cir. 1990) (applying Title VII framework to fair housing claims).

A complaint in an employment discrimination case need not contain specific facts establishing a prima facie case under the evidentiary framework for such cases to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997-98 (2002). But complaints alleging discrimination still must meet the "plausibility standard" of Twombly and Iqbal. See Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010) (noting that to state a hostile work environment claim post-Iqbal, employee "was required to allege" five prima facie elements). So, Henderson's complaint had to contain "sufficient factual matter" to support a reasonable inference that Chase engaged in racial discrimination against Henderson in relation to her loan. She could have met this standard by alleging facts showing that similarly-situated loan applicants outside her racial class were offered more favorable loan terms. See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003) (explaining, in the employment context, that a plaintiff fails to establish a prima facie discrimination case if she fails to show that

5

she was treated less favorably than a similarly-situated person outside her protected class).

As the district court concluded, Henderson alleged no such facts. She alleged only that she was black, she was pre-qualified for a loan, the terms of the loan changed through the application process, and she ultimately rejected the loan after her lawyer told her the terms were improper. Nothing in her complaint raises a plausible inference that Chase discriminated against Henderson based on her race. Even under a liberal construction, Henderson's allegations of race discrimination are conclusory and insufficient under the Twombly pleading standard to survive a motion to dismiss.[2]

Henderson also challenges the district court's denial of her motion for stay of leave to amend. We review the denial of a motion to amend a complaint for abuse of discretion. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Id. at 1014.

---

[2]About her other claims -- including her section 1985 conspiracy claim, allegations of fraud, and claims raised under state law -- Henderson, on appeal, directs this Court to the objections she filed to the magistrate's report. But we have "rejected the practice of incorporating by reference arguments made to the district courts." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1167 n.4 (11th Cir. 2004). Thus, because Henderson does not properly present arguments on these claims in her brief and, instead, merely attempts to incorporate arguments made to the district court, she has waived arguments on these claims. Id.

The magistrate, after recommending that Henderson's complaint be dismissed, afforded Henderson the opportunity, within 15 days of the recommendation, to file an amended complaint that presented "each claim for relief with such clarity as to permit [Chase] to discern her claims and frame a responsive pleading." The magistrate explained that "[f]ailure to file an amended complaint as permitted herein will result in the recommendation that this action be terminated" with prejudice. Henderson filed no amended complaint but, instead, objected to the magistrate's report and asked the district court to stay leave to amend in the event that the court agreed with the magistrate.

That Henderson had the opportunity to amend her complaint is plain. Henderson chose not to avail herself of this opportunity, instead disagreeing that her complaint suffered any inadequacies. We see no abuse in the district court's decision not to allow her leave to amend after the court agreed with the magistrate that the complaint should be dismissed. Although dismissing a case for failure to comply with pleading rules is a "severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court," such as choosing not to amend when given the opportunity. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

AFFIRMED.