ROY B. DALTON JR., United States District Judge
Before the Court is Defendant County of Volusia's ("County ") Motion to Dismiss. (Doc. 31 ("MTD ").) Plaintiff Wanda Hogancamp ("Hogancamp ") opposed. (Doc. 36 ("Response ").) On review, the Court finds that the MTD is due to be denied.
I. BACKGROUND
In this employment dispute, Hogancamp sues the County for alleged violations of the Family Medical Leave Act ("FMLA "). (See Doc. 29.) In June of 2017, Hogancamp lost her son in a hit and run accident. (Id. ¶ 2.) Following his death and suffering from continuing psychological symptoms including severe depression and anxiety, Hogancamp qualified for and was granted FMLA leave. (Id. ¶¶ 2, 15.) After nine weeks of FMLA leave, the County apparently informed her she needed to return to work (id. ¶ 19), where things took a turn for the worse. Despite initially agreeing to a modified schedule allowing Hogancamp to continue her medical treatment in the afternoons, the County, without explanation, *1356 revoked this modified schedule and repeatedly denied requests to reinstate it. (Id. ¶ 25, 32.) The County allegedly based its denial on the belief that Hogancamp was using the death of her son as an excuse to work less and had already gone out of its way by allowing her FMLA leave. (Id. ¶ 33.) With her health and working conditions deteriorating (id. ¶¶ 47-53, 55-58), Hogancamp filed suit (see Doc. 1).
In her Verified Amended Complaint ("Amended Complaint "), Hogancamp asserts two FMLA claims: retaliation ("Count 1 ") and interference ("Count 2 "). (Doc. 29, ¶¶ 59-81.) The County now seeks dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed allege sufficient facts to support either claim. (Doc. 31.) Briefing complete (Doc. 36), the matter is now ripe.
II. LEGAL STANDARD
The Federal Rules of Civil Procedure set forth minimum requirements concerning the form of a complaint. Rule 8 requires that a complaint consist of simple, concise, and direct allegations and a short and plain statement of the claims. Fed. R. Civ. P. 8(a)(2), (d)(1). When a complaint does not comply with minimum pleading requirements or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). Ashcroft v. Iqbal , 556 U.S. 662, 672, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
A complaint states a plausible claim if it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 679, 129 S.Ct. 1937 (citing Bell Atl. Corp. v. Twombly , 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Courts must resolve a Rule 12(b)(6) motion based solely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." See Tellabs, Inc. v. Makor Issues & Rights, Ltd. , 551 U.S. 308, 323, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). Further, courts must accept all well-pled factual allegations-but not legal conclusions-in the complaint as true. See id.
III. ANALYSIS
The FMLA creates two types of claims: (1) retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the FMLA; and (2) interference claims, in which the employee asserts that her employer denied or otherwise interfered with her substantive rights under the FMLA. Strickland v. Water Works & Sewer Bd. , 239 F.3d 1199, 1206 (11th Cir. 2001) ; see also 29 U.S.C. § 2615(a)(1)-(2).[1] Hogancamp asserts both claims. (See Doc. 29, ¶¶ 59-81.)
A. Count 1: FMLA Retaliation
Under the FMLA's anti-retaliation provision, an employer is prohibited from "discharg[ing] or in any other manner discriminat[ing] against any individual" for engaging in protected activity. See 29 U.S.C. § 2615(a)(2). An employer is also prohibited "from discriminating against employees ... who have used FMLA leave" and cannot "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c). In Count 1, Hogancamp alleges that following her return from approved FMLA leave, the County retaliated *1357 against her for taking leave by "discouraging her from accessing her [ADA] rights, creating a hostile work environment, invading her medical privacy, treating her differently from other similarly situated employees, and subjecting her to heightened scrutiny," which resulted in, among other things, the loss of accrued benefits and denial of a wage increase. (Doc. 29, ¶¶ 65, 67.) Seeking dismissal, the County unpersuasively posits several arguments.
First, the County argues that because Hogancamp alleges the County discouraged her from accessing her ADA rights, she really asserts a claim for ADA noncompliance. (Doc. 31, p. 3.) But Hogancamp, as Plaintiff, "is the master of the complaint [and] selects the claims that will be alleged." See United States v. Jones , 125 F.3d 1418, 1428 (11th Cir. 1997). That Hogancamp could have brought an ADA claim is irrelevant to the Court's determination of whether she has sufficiently alleged an FMLA retaliation claim. See, e.g., Hunter v. Scott , No. 1:07-cv-448, 2007 WL 2381988, at *1 (S.D. Ala. Aug. 16, 2007) ("The mere fact (if it be a fact) that the plaintiff could have brought a [different] claim is simply irrelevant."). The County's contrary characterization of how it allegedly violated the FMLA does not alter the nature of Hogancamp's claim. So the Court rejects this argument.
Next, the County attacks Count 1 by arguing that Hogancamp has not alleged damages recoverable under the FMLA. (Doc. 31, pp. 3-4.) The FMLA creates a private right of action and expressly limits recovery to actual damages, liquidated damages, equitable relief, and fees and costs. 29 U.S.C. § 2617(a) ; see also Nev. Dep't of Human Res. v. Hibbs , 538 U.S. 721, 740, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003) (noting that the damages recoverable under the FMLA "are strictly defined and measured by actual monetary losses"). Contrary to the County's argument (see Doc. 31, p. 3), Hogancamp has alleged damages recoverable under the FMLA. Specifically, Hogancamp alleges that she has suffered damages as a result of the County's alleged retaliation and demands, among other relief, "actual monetary losses" in the form of "lost wages, salary [and] employment benefits" stemming from the loss of accrued paid time off and the denial of a wage increase. (Doc. 29, ¶¶ 49, 55, 67, 69.) At the pleading stage, such allegations suffice. See, e.g., Canigiani v. Banc of Am. , No. 17-cv-61270-Bloom/Valle, 2017 WL 4390170, at *3 (S.D. Fla. Oct. 3, 2017) (finding that in the FMLA context, general allegations of "actual damages suffered" were sufficient to survive a motion to dismiss).
Finally, the County argues that the Amended Complaint fails to allege sufficient facts to support an FMLA retaliation claim. (Doc. 31, p. 5.) Specifically, it asserts that Hogancamp fails to show an adverse employment action and a causal connection between her protected FMLA activity and the County's alleged discrimination sufficient to establish a prima facie case of retaliation. (Id. at 6-11.) But the County confuses the standard for pleading an FMLA retaliation claim with the standard for proving one.
A plaintiff need not allege a prima facie case to survive a motion to dismiss. Swierkiewicz v. Sorema N.A. , 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (emphasizing that a prima facie case "is an evidentiary standard, not a pleading requirement").[2] Rather, a plaintiff only has to provide sufficient facts, taken as true, to *1358 support a reasonable inference that the defendant discriminated against her for exercising her FMLA rights. See Henderson v. JP Morgan Chase Bank, N.A. , 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) (citing Swierkiewicz and affirming dismissal of plaintiff's employment discrimination claim).
Here, Hogancamp alleges several discriminatory actions beginning just weeks after returning to employment from her qualified FMLA leave, including deterrence from accessing her ADA rights and the denial of a pay increase. (Doc. 29 ¶¶ 4, 33, 42, 55, 67.) Further, Hogancamp alleges that the County denied her ADA accommodation request because of its contempt for her taking her FMLA leave. (Id. ¶¶ 33, 46.) Based on the temporal proximity between Hogancamp's return from FMLA leave and, at a minimum, the alleged denial of a pay raise, the Court can reasonably infer that the County discriminated against Hogancamp for taking FMLA leave. Count 1 therefore states a claim for FMLA retaliation.
B. Count 2: FMLA Interference
In Count 2, Plaintiff asserts an FMLA interference claim. (Doc. 29, ¶¶ 71-81). An interference claim occurs when an employer interferes with, restrains, or denies the exercise or attempted exercise of FMLA rights or benefits. 29 U.S.C. § 2615(a)(1). The County contends that Hogancamp's interference claim is based on it informing her that her FMLA leave was almost exhausted, which does not amount to interference. (Doc. 31, p. 12.) Yet again, the County disregards the allegations in the Amended Complaint. Hogancamp alleges that nine weeks into her qualified FMLA leave, the County told her she had to return to work, and, concerned about the security of job, she complied. (Doc. 29, ¶¶ 19, 76-78.) Drawing all inferences in favor of Hogancamp, these allegations sufficiently allege that the County prevented her exercising her rights under the FMLA, which entitled her to a total of 12 workweeks of leave. 29 U.S.C. § 2612(a)(1). With this, she has plausibly stated an FMLA interference claim. Cf. Lombard v. TZ Ins. Sols., LLC , No. 2:13-cv-667-FtM-29DNF, 2014 WL 2600091, at *4 (M.D. Fla. June 10, 2014) (dismissing interference claim where plaintiff failed to allege that she was denied a benefit to which she was entitled when she was granted and returned to work from full FMLA leave). Because the Amended Complaint plausibly alleges an FMLA retaliation and interference claim, the MTD is due to be denied.
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED that Defendant County of Volusia's Motion to Dismiss (Doc. 31) is DENIED .
DONE AND ORDERED in Chambers in Orlando, Florida, on July 6, 2018.

The FMLA does not specifically label them as "interference" or "retaliation" claims, but precedent from the U.S. Court of Appeals for the Eleventh Circuit has adopted these designations to classify types of FMLA claims. See O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1352 (11th Cir. 2000).

Although Swierkiewicz addressed the pleading standard in the Title VII context, it applies with equal force in the FMLA context as courts within this Circuit have done. See, e.g., Cortese v. Terrace of St. Cloud, LLC , No. 6:15-cv-2009-Orl-40DAB, 2016 WL 1618069, at *2 (M.D. Fla. Apr. 22, 2016) (applying Swierkiewicz in the context of an FMLA retaliation claim).