Crystal **MEYER**, Michael Meyer, and **Fair Housing Council of Central New York, Inc.,** Plaintiffs–Appellants,

**Julie SANFORD and Peter Sanford,** Consolidated–Plaintiffs– Appellants,

v.

**BEAR ROAD ASSOCIATES,** Clay Court Apartments, and Wayne Knapp, individually and as owner of Bear Road Associates and Clay Court Apartments, Defendants–Appellees.

No. 04–2082.

United States Court of Appeals, Second Circuit.

March 7, 2005.

Ronald VanNorstrand, Syracuse, NY, for Appellants.

Kevin C. Murphy and Timothy J. Lambrecht of Devorsetz Stinziano Gilberti Heintz & Smith, Syracuse, NY, for Appellees.

Isabelle M. Thabault, Eliza T. Platts–Mills, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Washington, DC, for Amicus Curiae, National Fair Housing Alliance.*

* We granted the motion by National Fair Hous- ing Alliance for leave to file a brief as amicus

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.**

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED** for further proceedings consistent with this summary order.

Plaintiffs-appellants appeal from a dismissal under Federal Rule of Civil Procedure 12(b)(6) of their claims for violations of the Fair Housing Act, 42 U.S.C. § 3601–3619, and New York Executive Law § 296. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review de novo a district court's dismissal under Rule 12(b)(6). *Blue Tree Hotels Inv. (Canada). Ltd. v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir.2004). We accept all allegations of the complaint and draw all reasonable inferences in favor of the plaintiffs. *Id.* A dismissal is appropriate only if it appears beyond doubt that plaintiffs can prove no set of facts entitling them to relief. *Id.*

■ A pleading requires only a short and plain statement of the claim that puts the defendant on fair notice of what the claim is and the grounds that it rests on. Fed.R.Civ.P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The pleading need not state the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Here, plaintiffs-appellants fully

described the rental pricing policy about which they complain, how it affected them, and the statutory basis for their claim. We therefore hold that the complaint meets the requirements of Rule 8(a).

■ We next examine whether plaintiffs-appellants can prove any set of facts entitling them to relief. To establish a disparate impact claim under 42 U.S.C. § 3604(b), plaintiffs-appellants must demonstrate that a facially neutral policy actually or predictably leads to under-representation of families with children in the housing relative to the general population. *See Hack v. President and Fellows of Yale Coll.*, 237 F.3d 81, 90–91 (2d Cir.2000), *abrogated on other grounds by Swierkiewicz*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1. To meet its burden, plaintiffs-appellants can demonstrate that families have a greater need to live together than other large groups (qualitatively or through statistical analysis), and that the rental pricing policy prevents them from doing so. *See Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 577 (2d Cir.2003). We find it entirely plausible that plaintiffs-appellants may be able to prove these contentions at trial.

At oral argument, plaintiffs-appellants argued that proof of over-representation of families with children in the Clay Court Apartments would prove disparate impact because families would demonstrably be paying more rent. We can find no precedent of this Court supporting such a contention, and find it to be contrary to the focus of *Hack* and *Tsombanidis* on deprivation of housing. *See also Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 929 (2d Cir.1988).

curiae on December 20, 2004, but due to a clerical error, the order was never filed. We have nonetheless fully considered the arguments of the National Fair Housing Alliance.

To establish a disparate treatment claim under 42 U.S.C. § 3604(b), plaintiffs-appellants must follow the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and establish that discriminatory animus was a substantial factor in the decision to adopt the policy at issue here. Plaintiffs have not alleged any facts that would suggest such animus other than the fact of the policy itself. However, such animus is unlikely to be openly admitted or explicitly displayed, so that any facts demonstrating animus are likely to be available only through discovery. Certainly no facts of the pleadings rule out discriminatory animus. We therefore cannot say that it is beyond doubt that plaintiffs will be unable to prove animus.

Finally, a claim under 42 U.S.C. § 3604(c) requires that a statement must indicate an impermissible preference to an ordinary listener. *Soules v. United States Dep't of Housing and Urban Dev.,* 967 F.2d 817, 824 (2d Cir.1992). Spoken, facially neutral statements present particular difficulties due to the importance of inflection, intent, and other circumstances in communicating meaning. *Id.* at 825. Given these difficulties, we cannot say at the pleading stage that an ordinary listener could never reasonably infer that a group larger than four tenants living in a two- or three-bedroom apartment would likely be a family. Nor can we say that the ordinary listener could not reasonably conclude that charging such groups extra money indicates a preference against families.

For the above reasons, we vacate the judgment of the district court and remand for further proceedings.