NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0056n.06

Case No. 25-5596

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| WALTERS & MASON RETAIL, INC., dba Altar'd State, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| Defendant-Appellee. | ) ) | O P I N I O N |

FILED

Jan 27, 2026

KELLY L. STEPHENS, Clerk

COLE, J., delivered the opinion of the court in which MATHIS and HERMANDORFER, JJ., concurred. MATHIS, J. (pg. 8), delivered a separate concurring opinion.

**Before: COLE, MATHIS, and HERMANDORFER, Circuit Judges.**

COLE, Circuit Judge. Walters & Mason Retail, Inc. purchased a comprehensive insurance policy from Hartford Fire Insurance Company. After Hartford denied Walters & Mason's claims for pandemic-related business losses, Walters & Mason sued in the United States District Court for the Eastern District of Pennsylvania, alleging Hartford breached the insurance policy by denying Walters & Mason coverage. On Walters & Mason's motion, the Eastern District of Pennsylvania transferred the case to the United States District Court for the Eastern District of Tennessee. Hartford moved to dismiss the complaint. The district court conducted a choice-of-law analysis and concluded that Walters & Mason's claims failed under both Pennsylvania and Tennessee law. Walters & Mason contends the court erred by failing to consider its claims under the law of each of the twenty-two states where it experienced claimed losses. We affirm.

No. 25-5596, *Walters & Mason Retail, Inc. v. Hartford Fire Insurance Co.*

I.

At this stage in the proceedings, "we recite the facts as they are alleged in the complaint." *Savel v. MetroHealth Sys.*, 96 F.4th 932, 937 (6th Cir. 2024). Walters & Mason is a clothing company incorporated in Tennessee that operates Altar'd State retail stores across the country. Walters & Mason purchased a comprehensive insurance policy from Hartford with coverage from January 30, 2020, through January 30, 2021.

Shortly after the policy took effect, COVID-19 began spreading across the country, prompting many states to issue emergency orders temporarily closing or restricting the operations of certain businesses. To comply with these orders, Walters & Mason closed many of its stores throughout the pandemic and severely limited its operations at others. Walters & Mason eventually sought payment from Hartford for the business-interruption losses it suffered because of lost sales from the closure. Hartford denied coverage, reasoning that the losses sustained are not covered by the policy.

Walters & Mason sued Hartford in the Eastern District of Pennsylvania, arguing its COVID-19 business losses are covered by the policy and therefore Hartford breached the policy by denying coverage. Walters & Mason also alleged that Hartford denied coverage in bad faith.

Because similar cases were already proceeding through the Third Circuit, the Eastern District of Pennsylvania placed the action "in suspense" until the Third Circuit resolved the pending appeals. Ultimately, the appeals foreclosed Walters & Mason's claims under Pennsylvania law, so it requested transfer to the Eastern District of Tennessee and leave to file an amended complaint. The Eastern District of Pennsylvania granted both motions and transferred the case to the Eastern District of Tennessee.

Shortly thereafter, Walters & Mason again sought to amend its complaint. The district court granted Walters & Mason's motion, prompting Walters & Mason to file a second amended complaint. In response, Hartford moved to dismiss the second amended complaint for failure to state a claim. The district court granted Hartford's motion and dismissed the complaint, concluding Walters & Mason failed to allege sufficient facts to show that the terms of the policy covered its COVID-19 business losses under Tennessee or Pennsylvania law.

Walters & Mason timely appeals.

## II.

We review de novo both a district court's choice-of-law determination, *Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014), and its dismissal of a plaintiff's complaint, *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Walters & Mason raises two issues on appeal. First, it maintains that under the correct choice-of-law analysis, the district court should have evaluated the contract under the state law of each of the twenty-two states in which Walters & Mason claimed losses. Second, on reply, it contends that under Tennessee law, it wins, and thus, the district court erred in dismissing the case. We address each issue in turn.

## A.

We first consider whether the district court erred in determining the policy should be evaluated under only one state's laws. Generally, a federal court sitting in diversity, as here, applies the choice-of-law rules of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). When a case is transferred under 28 U.S.C. § 1404(a) from one district to another, however, the transferee court must follow the choice-of-law rules of the transferor court. *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990). Walters & Mason filed its complaint in Pennsylvania. Thus, although the district court transferred the case to Tennessee

after Walters & Mason initiated a transfer under § 1404(a), the parties agree that Pennsylvania's choice-of-law rules apply.

Pennsylvania uses a "flexible approach" in its choice-of-law analysis. *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 806 (Pa. 1964). Courts must first determine whether there is a "true conflict" between the laws of the competing states. *Bordone v. Bordone*, 344 A.3d 852, 856 (Pa. Super. Ct. 2025) (quoting *Melmark, Inc. v. Schutt ex rel. Schutt*, 206 A.3d 1096, 1104 (Pa. 2019)). If there is not a true conflict between the laws, "meaning that the laws of both states would produce the same result, or that one of the states has no meaningful policy-based interest in the issue raised," further analysis is unnecessary. *Melmark*, 206 A.3d at 1104 (citation modified); *see also Budtel Assocs., LP v. Cont'l Cas. Co.*, 915 A.2d 640, 643–44 (Pa. Super. Ct. 2006). If the laws conflict, however, courts must determine which state has a greater interest in the applications of its laws. *Melmark*, 206 A.3d at 1107. In weighing the states' interests, courts evaluate which state has the most significant contacts or relationships with the insurance contract. *Budtel*, 915 A.2d at 643.

Walters & Mason focuses its appeal on the district court's decision to consider only the laws of Tennessee in its choice-of-laws analysis. Specifically, it contends "the [p]olicy should be evaluated under the laws of each of the twenty-two states where there is a claimed insured risk." (Appellant Br. 10.) In support of its argument, Walters & Mason relies on Pennsylvania's flexible choice-of-law approach.

We agree that Pennsylvania utilizes a flexible choice-of-law approach. That flexibility, however, does not compel a district court to apply the laws of multiple states in a multistate insurance policy dispute. Both the evolution of Pennsylvania's choice-of-law rules and the state's standard practices support this conclusion.

In *Griffith v. United Air Lines Inc.*, Pennsylvania abandoned its strict choice-of-law rule, which required courts to apply the law of the place of the injury in torts cases. 203 A.2d at 801, 805. In its place, Pennsylvania adopted "a more flexible rule," *id.* at 805, that examines which state has a "greater interest in the application of its law," *Cipolla v. Shaposka*, 267 A.2d 854, 855 (Pa. 1970). Following *Griffith*, Pennsylvania state courts, along with federal district and circuit courts, have extended the *Griffith* approach to resolve choice-of-law questions in contract disputes, similarly displacing the traditional rule that required courts to apply the law of the place where the contract was made. *See, e.g.*, *Budtel*, 915 A.2d at 644–45; *Am. Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 74–75 (3d Cir. 1985); *Myelle v. Am. Cyanamid Co.*, 57 F.3d 411, 413 (4th Cir. 1995); *Reinert v. Nationwide Ins. Co.*, No. CIV.A. 12-1094, 2013 WL 1311097, *3 (E.D. Pa. Apr. 2, 2013) (collecting cases).

Since Pennsylvania adopted the *Griffith* approach more than six decades ago, courts applying Pennsylvania's choice-of-law rules have consistently identified one set of laws to govern a contract dispute, even when, like here, multistate insurance policies are at issue. *See, e.g.*, *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 233 (3d Cir. 2007) (collecting cases). In fact, Walters & Mason does not cite, and we could not locate, any cases where courts applying Pennsylvania's choice-of-law rules have analyzed the laws of multiple states simultaneously. We find no reason to deviate from Pennsylvania's standard practice here.

Walters & Mason further argues that the district court erred in its consideration of the Second Restatement of Conflicts of Laws. Because the insured risk is in multiple states, Walters & Mason contends that the district court should have examined the general provision governing contracts, Section 188(2), not the provision covering casualty-insurance contracts, Section 193. But even if we agree with Walters & Mason that the district court should have considered the

factors enumerated in Section 188(2), those factors nonetheless lead to the application of only one state's laws. Pennsylvania's standard practice of identifying a single state's laws to govern a contract dispute applies regardless of whether a court analyzes a case under Section 193 or Section 188(2). *See, e.g.*, *Hammersmith*, 480 F.3d at 233 (collecting cases).

We accordingly conclude that the district court did not err in declining to evaluate the policy under the law of each of the twenty-two states where Walters & Mason claimed losses. Because we agree with the district court's decision to consider only a single state's law in its choice-of-law analysis, we need not evaluate the policy under the law of each of the twenty-two states.

B.

Alternatively, in its reply brief, Walters & Mason newly argues that even if only Tennessee law governs the dispute, the district court erred by dismissing its complaint because it prevails under Tennessee law. In support of this argument, Walters & Mason relies on a 2024 Tennessee Court of Chancery opinion, *Zurich American Insurance Co. v. Tom James Co.*, No. 20CV-50006, 2024 WL 6865511 (Tenn. Ch. Dec. 2, 2024). It contends the holding in *Tom James* illustrates that its interpretation of the policy should prevail under Tennessee law.

We need not consider the merits of this argument. Appellants must raise any challenge to a district court's decision in their opening brief. *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018). Walters & Mason failed to do so, so it forfeited this argument. *See id.*

In its opening brief, Walters & Mason challenged only the district court's decision not to apply the laws of all twenty-two states in its choice-of-law analysis. Specifically, it asked the court to vacate and remand the district court's judgment "with instructions to interpret the [p]olicy applying the correct choice-of-law analysis and using the laws of the twenty-two states at issue."

(Appellant Br. 11.)  It did not challenge the district court's conclusion that Tennessee law precludes recovery.  By failing to do so, Walters & Mason forfeited this argument.  *See Island Creek*, 910 F.3d at 256.

III.

For the reasons above, we affirm.

**MATHIS, Circuit Judge, concurring.** I join the majority opinion in full. I write separately to explain that, despite Walters & Mason Retail, Inc.'s arguments to the contrary, its coverage claims fail under Tennessee law.

Generally, Tennessee courts construe insurance policies the same way they construe other contracts. *Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012). To that end, "[t]he language of the policy must be taken and understood in its plain, ordinary and popular sense." *Lammert v. Auto-Owners (Mut.) Ins. Co.*, 572 S.W.3d 170, 173 (Tenn. 2019) (quotation omitted). If the disputed provision of an insurance policy is truly ambiguous, then "the meaning favorable to the insured controls." *Id.* (quotation omitted). But courts cannot force a "strained construction" on a policy to create "ambiguity where none exists." *Id.* (quotation omitted).

Walters & Mason's policy with Hartford Fire Insurance Company covers "direct physical loss or direct physical damage," subject to several exclusions. R. 99-1, PageID 1256. Pertinent here, "loss or damage caused directly or indirectly by" the "[p]resence, growth, proliferation, spread or any activity of 'fungus,' wet rot, dry rot, bacteria or *virus*" is excluded from coverage. *Id.* at 1256–57 (emphasis added).

Walters & Mason argues that this exclusion should not apply because it is ambiguous. I disagree. The exclusion unambiguously applies when an insured's loss or damage is caused by the "spread" of a "virus." Walters & Mason does not dispute that COVID-19 is a virus. Nor does it dispute that the COVID-19 virus caused its losses. It thus follows that Walters & Mason was not entitled to coverage for its claims. It is irrelevant that the policy does not specify the type of virus, or that a virus differs from wet rot, dry rot, or a fungus.