*848 Dissenting opinion filed by Circuit Judge Callahan.
MEMORANDUM **
The United States appeals the district court’s Rule 12(b)(6) dismissal of its First Amended Complaint (“FAC”) for failure to state a claim against automobile dealers Union Auto Sales, Inc., and Han Kook Enterprises, Inc. (“HKE”). We have jurisdiction under 28 U.S.C. § 1291, and reverse the dismissal of the United States’ complaint as to Union Auto.[1]
We review de novo an order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Madison v. Graham, 316 F.3d 867, 869 (9th Cir. 2002). The court must accept “all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.” Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1029 (9th Cir.2009) (quotation marks omitted). Because the FAC complied with the pleading standards set by Federal Rule of Civil Procedure 8(a), and was sufficient to “ ‘give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests,’ ” Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)), the district court erred in dismissing the FAC.
The district court erred in concluding that the FAC failed to allege a plausible claim under the Equal Credit Opportunity Act (“ECOA”), 15 U.S.C. § 1691. The district court confused the standard for stating a claim of discrimination at the pleading stage and the evidentiary standards that must be met to prove that claim. At the pleading stage, the United States is not required to demonstrate discrimination, but merely to allege facts sufficient to make a discrimination claim plausible. As the Supreme Court made clear in Swier-kiewicz, 534 U.S. at 510, 122 S.Ct. 992, a plaintiff need not establish a prima facie case of discrimination at the pleading stage as “[t]he prima facie case ... is an evidentiary standard, not a pleading requirement.” The FAC sufficiently pleaded specific, non-conclusory facts that placed Union Auto on notice of the claims against it and that suggested an entitlement to relief. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.2011) (explaining pleading requirements under Rule 8(a)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (holding that Rule 8(a) requires that a plaintiff plead “only enough facts to state a claim to relief that is plausible on its face”).
The ECOA provides that it is “unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age.” 15 U.S.C. § 1691(a). The FAC alleges that Union Auto violated the ECOA by instituting a lending policy that allowed sales representatives to add discretionary “overages” — subjective markups unrelated to any creditworthiness standards — to financing contracts, which resulted in a pattern of discrimination against non-Asians. Specifically, FAC ¶¶ 9 & 12 allege that the Board of Governors of the Federal Reserve System found reason to believe that *849 Nara Bank’s indirect automobile lending program discriminated against non-Asian borrowers, and that Union Auto originated 21% of the loans in Nara Bank’s indirect automobile lending program. FAC ¶ 18 alleges that Union Auto gave its employees discretion to set overages within broad parameters, and that “[t]his discretion was exercised in a manner that discriminated against non-Asian borrowers.” The FAC also recites the results of the United States’ independent analysis of loan files, which shows that Union’s “non-Asian borrowers were charged mean overages approximately 35 to 155 basis points higher than Asian borrowers,” that these differences “cannot be explained fully by factors unrelated to race or national origin such as differences in the customers’ creditworthiness,” and that “[tjhese differences are statistically significant.” Viewed in the light most favorable to the nonmoving party, Rowe, 559 F.3d at 1029 (quotation marks omitted), these allegations plausibly state a claim for relief.
Contrary to the district court’s conclusion, the FAC’s classification of “Asians” and “non-Asians” did not render the ECOA claim any less plausible. The link between names and racial categorization for the purposes of both antidiscrimination law and discriminatory conduct is well-established, see Orhorhaghe v. I.N.S., 38 F.3d 488, 498 (9th Cir.1994) (citations omitted), and “Asian” is a category routinely deployed for the purposes of anti-discrimination laws,[2] see, e.g., Davis v. City and County of San Francisco, 890 F.2d 1438, 1446 (9th Cir.1989) (upholding consent decree that “provid[ed] relief to Asians, Hispanics or women who have been discriminated against at both the entry-level and promotion level”); see also U.S. v. Canna-dy, 54 F.3d 544, 547 (9th Cir.1995) (“Asians” are a “distinctive group[ ] in the community” for purposes of the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861).
That the FAC pleads discrimination against non-Asians — instead of against Asians — is irrelevant. The ECOA protects individuals, not groups, and discrimination against a single applicant on a basis prohibited by the ECOA violates the law. See 15 U.S.C. § 1691(a).
Nor was the district court justified in dismissing the FAC for failing to articulate a theory of “why the sales-reps would give lower loan rates to ‘Asians.’ ” U.S. v. Nara Bank, No. 09-07124 RGK, 2010 WL 2766992, at *2 (C.D.Cal. May 28, 2010). Under a disparate impact theory, intent is irrelevant. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir.1990). And under a disparate treatment theory, a plaintiff need only allege that a defendant “simply treats some people less favorably than others because of their race, color, religion, sex, or national origin.” Int’l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).
Because the United States has stated a plausible claim under the ECOA, we reverse the dismissal of the complaint against Union Auto and remand for further proceedings consistent with this decision.
REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. After this appeal was filed, HKE petitioned for bankruptcy under Chapter 7 of the United States Bankruptcy Code. These proceedings were closed on July 6, 2011, after the trustee reported that HKE had no property available for distribution. See In re Estate of Han Kook Enterprises, Inc., No. 2:11-bk-21429-BR (Bankr.C.D.Ca. July 6, 2011). HKE took no part in the argument of this appeal.

. Federal regulations themselves provide a capacious definition of the category of “Asian or Pacific Islander” in the context of Title VI of the Civil Rights Act: "A person having origins in any of the original peoples of the Far East, Southeast Asia, the Indian Subcontinent, or the Pacific Islands. This area includes, for example, China, Japan, Korea, the Philippine Islands, and Samoa.” 28 C.F.R. § 42.402(e)(3).