RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

LEON WASHINGTON; VANESSA WASHINGTON,

        *Plaintiffs-Appellants*,

    *v.*

FIRST NATIONAL BANK OF PENNSYLVANIA, originally named as First National Bank,

        *Defendant-Appellee*.

No. 25-3673

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:23-cv-01104—David A. Ruiz, District Judge.

Decided and Filed:  June 26, 2026

Before:  COLE, STRANCH, and BUSH, Circuit Judges.

───────────────

### COUNSEL

**ON BRIEF:** Thomas C. Loepp, ATTORNEY LOEPP, Stow, Ohio, for Appellants.  Lyle Washowich, BURNS WHITE LLC, Pittsburgh, Pennsylvania, for Appellee.

STRANCH, J., delivered the opinion of the court in which COLE, J., concurred, and BUSH, J., concurred in part and in the result.  BUSH, J. (pp. 12–16), delivered a separate concurring opinion.

───────────────

### OPINION

───────────────

JANE B. STRANCH, Circuit Judge.  Leon and Vanessa Washington brought suit against First National Bank of Pennsylvania (FNB) alleging claims of race and disability discrimination in violation of the Fair Housing Act (FHA), Ohio law, the Equal Credit Opportunity Act

(ECOA), and the Americans with Disabilities Act (ADA), related to FNB's handling of the Washingtons' application for a Veterans Administration (VA) home loan. The district court granted FNB's motion to dismiss the Washingtons' claims, concluding that their pleadings failed to establish the prima facie elements of FHA and ECOA discrimination claims, similarly failed to state a claim under Ohio law, and failed to allege a cognizable ADA claim.

As explained below, the district court mistakenly applied prima facie evidentiary standards to the Washingtons' discrimination claims at the pleading stage. This error was harmless, however, because the Washingtons fail to state plausible claims for relief under the well-established pleading standards that apply to their claims. We therefore AFFIRM.

## I. BACKGROUND

Leon Washington is a disabled veteran, and he and his wife Vanessa are both of mixed-race background. The Washingtons filed suit against FNB in the Cuyahoga County Court of Common Pleas on May 2, 2023, and FNB timely removed the action to the U.S. District Court for the Northern District of Ohio. The district court granted the Washingtons' motion for leave to amend and deemed their amended complaint (Complaint) filed as of June 13, 2023. The Washingtons' Complaint alleges that, but for their race and Leon's disability, FNB would have granted their loan application and asserts discrimination claims against FNB under the FHA (Count 1), 42 U.S.C. §§ 3601–3619, Ohio law (Count 2), Ohio Rev. Code Ann. § 4112.02(H)(3),[1] the ADA (Count 3), 42 U.S.C. §§ 12101–12213, and the ECOA (Count 4), 15 U.S.C. §§ 1691–1691f.

The following allegations are drawn from the Complaint. In August 2020, the Washingtons made initial inquiries with FNB seeking a VA home loan, and FNB knew their ethnicities and that Leon was disabled. Throughout the loan application process, they promptly submitted all documents that FNB requested, and FNB repeatedly assured them that they were eligible for a VA loan. But FNB provided them with false and misleading information, made

---

[1]The Washingtons' Complaint cited Ohio Rev. Code Ann. § 4122.02 as the basis for their state law claim. The district court construed this as a claim arising under Ohio Rev. Code Ann. § 4112.02(H)(3), and the Washingtons have not challenged this construction on appeal.

mistakes with the loan paperwork, repeatedly missed important deadlines, and never informed the Washingtons whether it was going to approve or deny their loan application. The Washingtons applied to another mortgage lender on or around May 10, 2021, were approved, and closed the loan within ten days. They filed a grievance against FNB with the Department of Veterans Affairs asking it to investigate FNB's handling of their loan application.

FNB moved to dismiss the Washingtons' Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that it failed to state claims on which relief could be granted because it did not plausibly allege the required elements of prima facie discrimination claims under the FHA, the ECOA, and Ohio law, and did not allege a cognizable ADA claim. FNB further argued that the Washingtons could not pursue both an ECOA claim and a state law discrimination claim. The district court granted FNB's motion to dismiss, ruling that the Washingtons had failed to allege the prima facie elements of FHA and ECOA discrimination claims and failed to show that FNB actually refused their loan application as is required to state a claim under Ohio law. With respect to their ADA claim, the district court ruled that the Complaint did not allege workplace discrimination, discrimination by a public entity, or discrimination in a place of public accommodation as is necessary to state a claim under the ADA.

The Washingtons' timely appeal argues that, contrary to the district court's order, their Complaint plausibly alleges that FNB discriminated against them in violation of the FHA, Ohio law, and the ECOA. They do not address the district court's dismissal of their ADA claim. FNB argues that the Washingtons have forfeited their appellate arguments by failing to address the district court's reasoning in their opening brief and that, if reviewed, the Complaint fails to state any plausible claims for relief.

## II. STANDARD OF REVIEW

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). In so doing, "we construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint's factual allegations must be sufficient to notify the defendant of the plaintiff's alleged claims, "and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

FNB argues that the Washingtons have forfeited their appeal because their opening brief does not analyze the district court's reasoning or cite case law in support of their position that their Complaint states plausible claims for relief under the FHA, Ohio law, and the ECOA. The Washingtons have not responded to this argument. While an appellant's failure "to address meaningfully the district court's reasoning" regarding a particular legal issue may "deserve[ ] sanction" under Federal Rule of Appellate Procedure 38, *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 272 (6th Cir. 2008), we decline FNB's invitation to hold that the Washingtons have forfeited their entire appeal under the circumstances presented here. We therefore address the district court's dismissal of the Washingtons' claims.

### A. FHA and Parallel Ohio Law Claims

The FHA broadly prohibits discrimination in the sale or rental of housing, including in the provision of residential mortgage loans. *See Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014); 42 U.S.C. § 3605. Specifically, § 3605 provides that it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). The statute defines

"residential real estate-related transaction[s]" to include, among other things, making loans "for purchasing . . . a dwelling." *Id.* § 3605(b)(1)(A).

Ohio has enacted a parallel statute prohibiting discrimination "against any person in the making or purchasing of loans or the provision of other financial assistance for the acquisition . . . of housing accommodations . . . because of race, color, religion, sex, military status, familial status, ancestry, disability, or national origin." Ohio Rev. Code Ann. § 4112.02(H)(3). Federal and state courts apply federal housing discrimination case law to analyze claims brought under the FHA and Ohio's parallel statute. *Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F. Supp. 2d 862, 890–91 (N.D. Ohio 2001) (citing *Ohio C.R. Comm'n v. Harlett*, 724 N.E.2d 1242, 1244 (Ohio Ct. App. 1999)).

The district court analyzed the Washingtons' FHA and Ohio law claims separately. With respect to the FHA claim, it held that the Complaint failed to plead the four elements of a prima facie case of discrimination. The prima facie elements the district court applied are part of the familiar burden-shifting framework for proving discrimination claims based on indirect evidence that the Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981). The district court focused on the third element, which addresses the defendant's actions, and determined that the Complaint failed to state an FHA claim because it did not "show" that FNB "refused to transact business" with the Washingtons. R. 14, Order, PageID 128. It dismissed the parallel Ohio law claim on similar grounds, ruling that the Complaint failed to show that the Washingtons' "loan application was [ ]ever closed by a refusal or denial, [ ]or that real estate financing was made unavailable." R. 14, PageID 129.

Relying on an unpublished Sixth Circuit opinion, the district court imposed a requirement that the Washingtons must plead a prima facie case of discrimination to survive FNB's motion to dismiss,[2] but this requirement conflicts with Supreme Court and published Sixth Circuit precedent. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–13 (2002); *Lindsay v. Yates*, 498 F.3d 434, 438–40 (6th Cir. 2007). "In *Swierkiewicz*, the Supreme Court unanimously held

---

[2]R. 14, PageID 127 (quoting *Ray v. U.S. Bank Nat'l Ass'n*, 627 F. App'x 452, 457 (6th Cir. 2015)).

that a plaintiff who asserted federal employment-discrimination claims was not required to plead facts establishing a prima facie case to state a claim for relief." *Lindsay*, 498 F.3d at 439; *see also Keys*, 684 F.3d at 609 (citing *Swierkiewicz*, 534 U.S. at 510). This is because "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510; *Keys*, 684 F.3d at 609 (citing *id.*). *Swierkiewicz* instructs that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every . . . discrimination case." 534 U.S. at 511. If a plaintiff uncovers direct evidence of discrimination during discovery, "he may prevail without proving all the elements of a prima facie case." *Id.* (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985)); *see also Keys*, 684 F.3d at 609 (citing *id.*). It would therefore be "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Swierkiewicz*, 534 U.S. at 511–12. "Moreover, the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Id.* at 512 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)); *see also Lindsay*, 498 F.3d at 439 (quoting *id.*).

Citing the Third and Eighth Circuits, the Concurrence concludes that we need to "think more critically about application of *Swierkiewicz* after *Twombly*," and proposes that *McDonnell Douglas* should "guide" our analysis of a complaint. (Conc. at 12). But our circuit has already resolved this issue and upheld the *Swierkiewicz* standard in a lengthy line of published cases. We have repeatedly held that *Twombly* and *Iqbal* did not change *Swierkiewicz*'s holding. *See, e.g.*, *Keys*, 684 F.3d at 609 ("The Supreme Court's subsequent decisions in *Twombly* and *Iqbal* did not alter its holding in *Swierkiewicz*."); *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) ("*Swierkiewicz* remains good law after the Supreme Court's decision in *Twombly*." (citing *id.*)); *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) ("The rule [announced in *Swierkiewicz*] survived the heightened pleading standard ushered in by *Twombly* and *Iqbal*." (first citing *Twombly*, 550 U.S. at 569–70; and then citing *Keys*, 684 F.3d at 609)); *Sturgill v. Am. Red Cross*, 114 F.4th 803, 809 (6th Cir. 2024) ("*Twombly*'s and *Iqbal*'s adoption of the plausible-pleading standard did not disturb *Swierkiewicz*'s holding." (citing *Keys*, 684 F.3d at 609)). *Keys* noted *Twombly*'s explanation that *Swierkiewicz* "'did not change the law of

pleading,' but simply reemphasized that application of the *McDonnell Douglas* prima facie case at the pleading stage 'was contrary to the Federal Rules' structure of liberal pleading requirements.'" 684 F.3d at 609 (quoting *Twombly*, 550 U.S. at 570).

In *Lindsay*, we explained that *Swierkiewicz* made "clear that *McDonnell Douglas* does not set the standard for pleading any complaint," including FHA discrimination claims. 498 F.3d at 439, 440. Instead, at the pleading stage, "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511; *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (quoting *id.*). The elements relevant to stating claims for relief under the FHA, parallel Ohio law, and other anti-discrimination statutes, are found in the statutes themselves.

For example, in *Keys* we held that to state an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, a complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the defendant discriminated against the plaintiff regarding her "'employment, *because of* [her] race, color, religion, sex, or national origin.'" 684 F.3d at 610 (alterations in original) (first quoting *Iqbal*, 556 U.S. at 678, 679; and then quoting 42 U.S.C. § 2000e-2(a)(1)); *see also Mustafa v. Ford Motor Co.*, No. 24-1763, 2025 WL 2720988, at *2 (6th Cir. Sep. 24, 2025) (quoting *Keys*, 684 F.3d at 610). Similarly, the question with respect to the Washingtons' FHA and Ohio law claims is whether the Complaint contains sufficient facts to support a reasonable inference that FNB discriminated against the Washingtons in making their requested loan available or in the terms or conditions of that loan because of their race or disability. *See* 42 U.S.C. § 3605(a); Ohio Rev. Code Ann. § 4112.02(H)(3); *Keys*, 684 F.3d at 610; *Fritz*, 592 F.3d at 722; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

The Concurrence agrees that *Swierkiewicz*'s holding survives *Twombly*, but still would require "a complaint that alleges only indirect evidence of discrimination" to "allege facts that make it plausible that, with the benefit of discovery, the plaintiff will be able to make out a prima facie case under *McDonnell Douglas*." (Conc. at 13). *Swierkiewicz* rejected this approach. 534 U.S. at 511–12. Noting that courts cannot determine whether a discrimination claim will be

based on direct or circumstantial evidence until *after* discovery, the Supreme Court instructed that courts may not require "a plaintiff without direct evidence of discrimination at the time of his complaint" to "plead a prima facie case of discrimination[.]"  534 U.S. at 511.

Our case law applies that instruction.  In *Serrano*, we explained, "*Swierkiewicz* provides that, at the pleading stage, a plaintiff need not indicate whether she seeks to prove intentional discrimination through direct or circumstantial evidence[.]"  699 F.3d at 898.  In *Mustafa v. Ford Motor Co.*—quoted by the Concurrence in support of applying the prima facie factors to complaints involving "some or all indirect evidence" of discrimination (Conc. at 13)—we relied on *Serrano* for the proposition that, "at the pleading stage, [the plaintiff] need not commit to—or even identify—the theory he wants to rely on" at summary judgment.  2025 WL 2720988, at *2 (citing *Serrano*, 699 F.3d at 898).  And we expressly reserved "judgment on whether [the plaintiff] has sufficiently alleged a prima facie case for discrimination because he need not do so at this stage to survive a motion to dismiss."  *Id.* at *4 (citing *Swierkiewicz*, 534 U.S. at 511–12).  Applying this principle in *Keys*, we reversed dismissal of a complaint founded on the incorrect basis that it "failed to allege facts that plausibly establish[ed] a prima face case of race discrimination."  684 F.3d at 608.  Instead, guided by the statute, we examined the complaint's specific allegations that Keys, an African American, was treated differently than her Caucasian counterparts on several occasions and determined that these allegations easily satisfied Rule 8(a).  *Id.* at 610.  Thus, in accordance with *Swierkiewicz* and binding Sixth Circuit precedent, we apply the ordinary rules for assessing the sufficiency of the Washingtons' Complaint without imposing the prima facie evidentiary standard.  *See Swierkiewicz*, 534 U.S. at 511; *Twombly*, 550 U.S. at 570; *Lindsay*, 498 F.3d at 439–40; *Keys*, 684 F.3d at 609–10; *Serrano*, 699 F.3d at 897–98; *Savel*, 96 F.4th at 943; *Sturgill*, 114 F.4th at 809; *Mustafa*, 2025 WL 2720988, at *2.

The Complaint generally alleges that the Washingtons are mixed race, Leon is a disabled veteran, they applied to FNB for a VA home loan in August 2020, FNB knew their race and Leon's disability status, and FNB never approved or denied their loan application despite assuring them that they were qualified.  It specifically alleges that FNB once had an incorrect name on the loan application, twice provided the Washingtons with a disclosure statement that contained the wrong interest rate, mismanaged scheduling an appraisal, missed important closing

deadlines, and generally refused to speak to the Washingtons on the phone with two exceptions. It also alleges that FNB repeatedly asked the Washingtons for the same materials and provided them with false and misleading information about the loan's status, Leon's credit history, and whether an appraisal of the home had been ordered, and that, eventually, the Washingtons applied to another mortgage lender who quickly granted them a VA loan.

The Washingtons assert that "but for" their race and Leon's disability, FNB would have approved their loan application and that FNB "does not subject white and other non-black and other non-mixed-race applicants to the same process foisted on" them. R. 7-1, PageID 71, ¶ 29, PageID 73, ¶ 40. But the Complaint does not contain any specific factual content regarding FNB's handling of other loan applications. Its conclusory assertion that FNB handles loan applications from individuals of other racial backgrounds differently therefore falls into the "category of naked assertions devoid of further factual enhancement" proscribed by the Supreme Court's opinions in *Iqbal* and *Twombly*. *Fisher v. Perron*, 30 F.4th 289, 298 (6th Cir. 2022) (citation modified).

Construing the Complaint in the light most favorable to the Washingtons and accepting all of its well-pleaded factual allegations as true, as we must, the Complaint does not contain sufficient facts to support a reasonable inference that FNB failed to approve or deny the Washingtons' loan application because of their race or Leon's disability. It therefore does not state plausible claims for relief under the FHA or Ohio's parallel law, and FNB was entitled to dismissal of those claims. *See Iqbal*, 556 U.S. at 678; *Fritz*, 592 F.3d at 722.

### B. ECOA Claim

The ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status[.]" 15 U.S.C. § 1691(a)(1). One of the statute's purposes "is to eradicate credit discrimination against women, especially married women whom creditors traditionally refused to consider for individual credit." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 754 (6th Cir. 2014).

The district court ruled that FNB was entitled to dismissal of the Washingtons' ECOA claim on the basis that the Complaint failed to allege the prima facie elements of an ECOA discrimination claim. Similar to its analysis of the FHA claim, the district court determined that the Complaint failed to satisfy the third prima facie element because it did not "show that the loan application was 'rejected'" by FNB. R. 14, PageID 128. The district court relied on an unpublished Sixth Circuit opinion to impose a requirement that the Washingtons must plead a prima facie case of discrimination to survive FNB's motion to dismiss.[3] That case, however, addressed ECOA claims at the summary judgment stage. This confused the standard for stating a plausible ECOA discrimination claim at the pleading stage with the evidentiary standard required to prove ECOA discrimination claims based on indirect evidence at summary judgment or trial. *United States v. Union Auto Sales, Inc.*, 490 F. App'x 847, 848 (9th Cir. 2012); *see also Swierkiewicz*, 534 U.S. at 510–11; *Lindsay*, 498 F.3d at 439–40.

The Washingtons are not required to show discrimination to survive FNB's motion to dismiss their ECOA claim. Under the ordinary federal pleading standards, they need only allege facts sufficient to make their ECOA discrimination claim plausible. *Union Auto Sales, Inc.*, 490 F. App'x at 848; *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (holding that complaints alleging ECOA discrimination claims must meet *Twombly* and *Iqbal*'s plausibility standard). The relevant inquiry is whether the Complaint contains sufficient factual matter to support a reasonable inference that FNB discriminated against the Washingtons with respect to their loan application because of their race or Leon's disability. *See Henderson*, 436 F. App'x at 937–38 (affirming district court's dismissal of ECOA claim where complaint did not contain sufficient factual matter to support reasonable inference that defendant bank racially discriminated against plaintiff in relation to her loan); *see also* 15 U.S.C. § 1691(a)(1); *Fritz*, 592 F.3d at 722; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In support of the Washingtons' ECOA claim, the Complaint incorporates the allegations discussed above and asserts that FNB "continues to approve loans for persons with similar qualifications" to the Washingtons. R. 7-1, PageID 75, ¶ 59. But no specific factual allegations

---

[3]R. 14, PageID 127 (quoting *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 778 (6th Cir. 2004)).

support this broad assertion.  *See Fisher*, 30 F.4th at 298.  Even construing all of the Complaint's well-pleaded factual allegations in the light most favorable to them, the Washingtons have not alleged a plausible claim for relief under the ECOA.  FNB was therefore entitled to dismissal of this claim.

### C.  ADA Claim

The ADA prohibits discrimination on the basis of disability in the workplace (Title I), by public entities (Title II), and in places of public accommodation (Title III).  *See Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580, 583 (6th Cir. 1995).  As FNB points out, the Washingtons have not challenged the district court's determination that their Complaint failed to state a cognizable claim for relief under the ADA.  "We normally decline to consider issues not raised in the appellant's opening briefs."  *Bickel v. Korean Air Lines Co.*, 96 F.3d 151, 153 (6th Cir. 1996) (citation modified).  In the absence of any appellate argument from the Washingtons, the district court's dismissal of their ADA claims will be affirmed.

## IV.  CONCLUSION

Plaintiffs asserting discrimination claims in federal court are not required to plead facts establishing a prima facie case in order to state a claim for relief.  *Swierkiewicz*, 534 U.S. at 510; *Lindsay*, 498 F.3d at 439; *Keys*, 684 F.3d at 609.  The requirement to show a prima facie case applies only to claims based on indirect evidence of discrimination and relates to the plaintiff's burden of presenting such evidence at the summary judgment and trial stages of litigation:  it cannot be imposed to challenge a complaint.  *Swierkiewicz*, 534 U.S. at 510–12; *Lindsay*, 498 F.3d at 439–40; *Keys*, 684 F.3d at 609.  At the pleading stage, the ordinary rules for assessing the sufficiency of a complaint apply, *Swierkiewicz*, 534 U.S. at 511; *Pedreira*, 579 F.3d at 728, and the relevant inquiry on a motion to dismiss is whether a complaint contains sufficient facts to notify a defendant of the plaintiff's claims and support a reasonable inference that the defendant is liable for the misconduct alleged, Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Fritz*, 592 F.3d at 722.

Applying this standard, we **AFFIRM** the district court's dismissal of the Washingtons' Complaint.

---

**CONCURRENCE**

---

BUSH, Circuit Judge, concurring in part and concurring in the judgment.  I agree with the majority that the Washingtons have failed to state any plausible claims for relief.  I write separately to raise some points of disagreement about how to reconcile *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), with *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  For a long time, the Supreme Court interpreted this rule leniently in favor of the claimant: a complaint could be dismissed only if "it appear[ed] beyond doubt that the plaintiff c[ould] prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45–46; *Swierkiewicz*, 534 U.S. at 514 (allowing dismissal of a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984))).  But the Court tightened the pleading requirements in *Twombly*, as later applied in *Iqbal*.  *Twombly* explicitly rejected *Conley*'s "no set of facts" standard.  550 U.S. at 562–63.  Instead, *Twombly* announced a new standard: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Applying the plausibility benchmark, we ignore a complaint's legal conclusions and ask whether the factual allegations permit us to "infer more than the mere possibility of misconduct . . . ."  *Id.* at 678–79.

*Swierkiewicz* was decided in a pre-*Twombly* world, and it explicitly relied on *Conley*'s "no set of facts" standard.  534 U.S. at 514.  Since *Twombly* repudiated the pleading-standard authority relied upon by *Swierkiewicz*, we should think more critically about application of *Swierkiewicz* after *Twombly*.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

*Swierkiewicz* held that a complaint in a discrimination case need not establish a prima facie case under *McDonnell Douglas* to survive a motion to dismiss. 534 U.S. at 510–511. This holding survives *Twombly*. *See* 550 U.S. at 569–70. That is, I agree with the majority that we cannot impose the prima facie evidentiary standard of *McDonnell Douglas* to the Washingtons' complaint. Where I diverge from the majority is in how to apply *Swierkiewicz*'s holding post-*Twombly*. The majority seems to say that *Swierkiewicz* makes the *McDonnell Douglas* framework always irrelevant at the motion-to-dismiss stage. Respectfully, I disagree. True, *McDonnell Douglas* concerns only *indirect* evidence of discrimination, so it is not to be applied in a case with solely *direct* evidence. But when a discrimination complaint pleads some or all indirect evidence, *McDonnell Douglas* provides guiding principles for analyzing those allegations. At the motion-to-dismiss stage, we should apply *Twombly*'s plausibility standard by keeping in mind *McDonnell Douglas*. And a complaint that alleges only indirect evidence of discrimination cannot state a claim for relief if it does not allege facts that make it plausible that, with the benefit of discovery, the plaintiff will be able to make out a prima facie case under *McDonnell Douglas*.

The majority proposes a different solution: simply find "[t]he elements relevant to stating claims for relief . . . in the statutes themselves." Majority Op. at 7. Certainly, our reference to the relevant statutes is required. But that is not enough. The elements must also be *plausibly* pleaded. So how do we know when a complaint has alleged facts sufficient to make it plausible that the elements provided by the statute are met? For complaints that allege only indirect evidence of discrimination, that would require looking to *McDonnell Douglas* for guidance. *See Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

This approach, of course, does not mean that a complaint must *actually* state a prima facie case under *McDonnell Douglas*, or that a court can engage in "element-by-element examination of whether [a] plaintiff established a prima facie case . . . ." *Sturgill v. Am. Red Cross*, 114 F.4th 803, 809 (6th Cir. 2024). The complaint need only allege facts that make it plausible that the plaintiff *could* make out a prima facie case under *McDonnell Douglas*. *McDonnell Douglas* is "part of the background against which a plausibility determination should be made." *Blomker*, 831 F.3d at 1056 (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d

49, 54 (1st Cir. 2013)).  It is the "prism" that "shed[s] light upon the plausibility of the claim." *Id.* (quotation marks omitted).  For example, in an employment discrimination case, a complaint cannot rely on "broad, conclusory statements . . . without naming any similarly situated individuals or providing facts demonstrating that persons" outside the plaintiff's protected class "received more favorable treatment."  *Mustafa v. Ford Motor Co.*, No. 24-1763, 2025 WL 2720988, at \*5 (6th Cir. Sept. 24, 2025) (citing *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013)).  Indeed, an indirect-evidence employment discrimination complaint needs to plead *some* factual content about other employees or differing treatment.  *Id.*  But it need not plead *every* detail necessary to establish a relevant comparator at the summary judgment stage.  *Foust v. Gen. Motors, LLC*, No. 24-1794, 2026 WL 267434, at \*2 (6th Cir. Feb. 2, 2026).   Simply put, although a complaint need not state a prima facie claim under *McDonnell Douglas*, its requirements should guide our consideration of what constitutes a plausible claim for relief.

The majority accuses this approach of requiring plaintiffs to commit to a theory of the case at the pleadings stage or specifying whether they seek to make a direct-evidence or indirect-evidence case in the complaint.  This approach does not force a plaintiff to commit to anything; a plaintiff who uses indirect-evidence allegations to overcome a motion to dismiss can use direct evidence to win at summary judgment, or vice versa.  And it does not force a plaintiff to specify anything.  It merely acknowledges that there are only two types of successful discrimination claims—those that rely on direct evidence and those that rely on indirect evidence—so a complaint that fails to allege facts sufficient to make plausible success under *either* standard cannot "show entitlement to relief."  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

The majority thinks the issue is binary: either *McDonnell Douglas* is irrelevant at the pleadings stage, and any consideration of its requirements is impermissible; or we apply its prima-facie-case requirement at the pleadings stage in defiance of *Sweirkiewicz*.  But this is a false choice.  Looking to *McDonnell Douglas* for guidance is not the same as rigidly applying it. *See Blomker*, 831 F.3d at 1056.

Our prior cases do not foreclose this approach.  They frequently repeat the maxim from *Swierkiewicz* that *McDonnell Douglas* is not a pleading requirement but do little else to explain

what a court *should* consider in determining whether a plaintiff has alleged facts sufficient to "show entitlement to relief." *Lambert*, 517 F.3d at 439; *see, e.g.*, *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) (holding *Swierkiewicz* binds us without explaining what type of fact allegations make discrimination claims plausible); *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012) (same). Sometimes, they even proceed to consider the kind of evidence consistent with use of *McDonnell Douglas* as a "prism" that "shed[s] light upon the plausibility of the claim." *Blomker*, 831 F.3d at 1056. Take *Keys*. There, we repeated the Supreme Court's insistence in *Twombly* that it did not alter the holding in *Swierkiewicz*. *Keys*, 684 F.3d at 609. But in considering the sufficiency of the complaint, we looked to the sort of evidence that would be relevant under *McDonnell Douglas*, namely, the plaintiff's allegations that she and other black employees were treated less favorably than their white counterparts. *Id.* at 610; *see also Mustafa*, 2025 WL 2720988, at *5 (considering relevant comparators under a more lenient standard than we would at summary judgment); *cf. Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 703 (6th Cir. 2007) (prima facie case of disparate treatment under *McDonnell Douglas* requires showing that a person outside the plaintiff's protected class received more favorable treatment). And looking to the prima-facie-case elements for guidance would be consistent with how we apply *Twombly* outside of the discrimination context. *See, e.g.*, *Buddenberg v. Weisdack*, 939 F.3d 732, 739 (6th Cir. 2019) (considering the elements of a prima facie First Amendment retaliation case at the pleadings stage to determine whether qualified immunity applied); *Top Flight Ent., Ltd. v. Schuette*, 729 F.3d 623, 631 (6th Cir. 2013) (same); *Seaton v. TripAdvisor, LLC*, 728 F.3d 592, 596 (6th Cir. 2013) (considering the elements of a prima facie defamation case at the pleadings stage); *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (considering the elements of a prima facie selective enforcement case at the pleadings stage).

One final note. "*Swierkiewicz*'s pleadings 'detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.'" *Twombly*, 550 U.S. at 570 (quoting *Swierkiewicz*, 534 U.S. at 514). So *Swierkiewicz* itself survives the *Twombly* standard. *See id.*; *see also Mustafa*, 2025 WL 2720988, at *5, *Foust*, 2026 WL 267434, at *2. Looking to *McDonnell Douglas* for

guidance at the motion-to-dismiss stage is therefore consistent with *Swierkiewicz*.   For the reasons stated above, it is also the best way to apply *Swierkiewicz* in the post-*Twombly* world.

I respectfully concur.